IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SOUTH EAST COLOR, INC.         )
                               )
v.                             ) NO. 3-16-0877
                               ) JUDGE CAMPBELL
BASF CORPORATION               )

MEMORANDUM

Pending before the Court is Defendant's Motion to Compel Arbitration (Docket No. 7). Plaintiff has filed a Response (Docket No. 10), and Defendant has filed a Reply (Docket No. 11). For the reasons stated herein, Defendant's Motion is GRANTED. This case is dismissed, and the parties shall arbitrate their disputes in accordance with their Agreement.

FACTS

Plaintiff's Complaint alleges that on January 1, 2011, Plaintiff and Defendant entered into an agreement ("the Agreement") wherein Plaintiff became an authorized distributor of Defendant's paint products. Plaintiff contends that Defendant terminated its relationship with Plaintiff on or about March 20, 2015, at which time Defendant began making tortious misrepresentations to Plaintiff's customers and caused Plaintiff's customers to end their relationships with Plaintiff. Plaintiff also alleges that Defendant has wrongfully claimed ownership of certain equipment and consignment inventory at various body shops with whom Plaintiff does business.

The Agreement between the parties contains an arbitration provision which states:

> Notwithstanding any provision of law to the contrary, except solely for claims by BASF relating to the collection of debts owed to BASF by Distributor, any dispute, controversy or claim between Distributor and BASF and/or its affiliates arising out of or relating in any way to the business relationship between BASF and/or its affiliates on the one part, and Distributor, on the other, shall first be attempted to be resolved amicably. Any such dispute that has not been amicably resolved shall then be settled by arbitration administered by the American Arbitration Association under

> the Commercial Arbitration Rules of the American Arbitration Association. Any dispute as to whether a particular controversy or party is subject to arbitration shall be submitted to arbitration.

Docket No. 7-1, p. 6.

## ARBITRATION

The Federal Arbitration Act ("FAA") was enacted in 1925 in response to widespread judicial hostility to arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745 (2011). The FAA states that arbitration provisions "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.*; 9 U.S.C. § 2. The language of the arbitration agreement must be viewed in light of the strong federal policy in favor of arbitration. *Wilks v. Pep Boys*, 241 F.Supp.2d 860, 863 (M.D. Tenn. 2003). Any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Id.*

Where an agreement contains an arbitration clause, the court should apply a presumption of arbitrability, resolve any doubts in favor of arbitration, and not deny an order to arbitrate unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Int'l Ass'n of Machinists & Aerospace Workers v. AK Steel Corp.*, 615 F.3d 706, 711 (6th Cir. 2010). Moreover, in cases involving broad arbitration clause, the presumption of arbitrability is particularly applicable, and only an express provision excluding a particular grievance from arbitration or the most forceful evidence of a purpose to exclude the claim from arbitration can prevail. *Id.*

## ANALYSIS

Against this high standard, the Court must review the specific arbitration provision and facts of this case. Plaintiff argues that because the Agreement upon which Defendant relies ended by its

own terms[1] on December 31, 2014, Defendant cannot rely on the arbitration provision therein. Plaintiff contends that the parties are no longer bound by the Agreement, which has terminated.

In *Litton Financial Printing Division, Litton Business Systems, Inc. v. NLRB*, 501 U.S. 190, 204 (1991), the Supreme Court recognized a presumption in favor of post-expiration arbitration of matters unless negated expressly or by clear implication for matters and disputes arising out of the relation governed by the contract. *Huffman v. Hilltop Companies*, 747 F.3d 391, 394-95 (6th Cir. 2014).[2]

Plaintiff has not shown that the presumption in favor of post-expiration arbitration in this case has been expressly or by clear implication negated. Indeed, the arbitration provision at issue is broadly stated and, as indicated above, the presumption is particularly applicable. Plaintiff's argument on this issue about post-expiration arbitration fails.

In addition, the arbitration provision at issue states that any dispute as to whether a particular controversy or party is subject to arbitration shall be submitted to arbitration. The issue of arbitrability - whether a contract creates a duty for the parties to arbitrate a particular grievance is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise. *Howsam v. Dean Witter Reynolds, Inc.*, 123 S.Ct. 588, 592 (2002); *Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett*, 734 F.3d 594, 597 (6th Cir. 2013).

---

[1] As noted, Plaintiff's Complaint alleges that Defendant terminated the Agreement in March of 2015.

[2] The Sixth Circuit has also observed that the need for an arbitration provision to have post-expiration effect is intuitive, because if the duty to arbitrate automatically terminated upon expiration of the contract, a party could avoid its contractual duty to arbitrate by simply waiting until the day after the contract expired to bring an action regarding a dispute that arose while the contract was in effect. *Huffman,* 747 F.3d at 395.

3

Here, the Court finds that the parties have clearly and unmistakably provided that the question of whether certain matters should be submitted to arbitration shall be submitted to the arbitrator. Accordingly, this matter should be dismissed and the parties ordered to arbitrate their disputes.

## CONCLUSION

For these reasons, Defendant's Motion to Compel Arbitration (Docket No. 7) is GRANTED. This action is DISMISSED, and the Clerk is directed to close the file.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE